UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MELISSA C. EVANS

     Plaintiff,

V.                                         CIVIL ACTION NO.

MITCHELL RUBENSTEIN & ASSOCIATES, P.C.


     Defendant.                            SEPTEMBER 22, 2010


## COMPLAINT

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, as an individual consumer, against Defendant MITCHELL RUBENSTEIN & ASSOCIATES, P.C.. hereinafter ("Collection Agency") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff is a natural person residing in the Town of Temple Hills, State of Maryland.

4. Defendant, Collection Agency, is a domestic professional corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 12 South Summit Ave, Suite 250, Gaithersburg, MD 20877 and is authorized to do business in Maryland.  The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant Collection Agency is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

6.  Plaintiff received a lawsuit filed by the Defendant, on or about June 9, 2010.

7.  The defendant failed to provide the Plaintiff with a notice pursuant to §1692g either before filing of this lawsuit or within five days of the initial communication with the consumer debtor Ms. Evans.

8.  Plaintiff called the Defendant Collection Agency in an attempt to dispute this alleged debt (initial communication) on August 26, 2010.

9.  Defendant in its initial communication with the Plaintiff was required to advise Plaintiff of the validation of debts clause pursuant to §1692g or within 5 days after that initial communication, and failed to do so in violation of §1692g.

10.  Defendant failed to advise the Plaintiff of his rights pursuant to §1692g.

11.  Plaintiff asked the Defendant what effect does her oral dispute have on the account and the Defendant through their collection agent who identified herself as Pat Tommey at ext. 143 stated "it allows me to settle the debt with a payment directly to Bank of America and not go to court."

12.  Plaintiff wrote to the Defendant Collection Agency, on August 26, 2010 and disputed the alleged debt and faxed same to its law office and received a fax confirmation of receipt.

13.  Defendant failed to respond to the Plaintiff's dispute, yet continued to take further legal action attempting to collect the alleged debt.

14.  On September 21, 2010 the Defendant using an auto dialer called the Plaintiff at her work number and left a message stating, the following information, the law firms name and it asked if this was Melissa Evans, Please stay on the line and stated this is an attempt to collect a debt and asked the Plaintiff to call the Collection Agency and provided a telephone number to call.

15.  Defendant's statements were false, deceptive and misleading and violated 15 U.S.C. §1692e and g.

## V.  CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17.  Defendant Collection Agency violated the FDCPA including but not but not limited to, the following:

    (a) Violation of §1692c (b).

    (b) Violation of §1692e.

    (c) Violation of §1692g.

18.  As a result of the foregoing violations of the FDCPA, Defendant Collection Agency is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

    WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant for the following:

    A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.  Actual damages;

    C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k (3).

    E.  For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY

Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com